Pease *v.* McKusick.

MARK PEASE *versus* THURSTON P. McKUSICK & *trustee.*

If the plaintiff, after the person summoned as trustee had disclosed, files an allegation, or plea, under the provisions of Rev. Stat. c. 119, without stating therein any specific facts, that the conveyance of certain chattels, therein mentioned, by the debtor to the trustee, was made in fraud of the plaintiff's rights as a creditor, and therefore void; and the trustee replies, that the chattels mentioned by the plaintiff in his allegation are identical with those referred to in his disclosure, and that the conveyance thereof was not fraudulent as to the creditors of the defendant; and the plaintiff rejoins, that he is ready to prove by facts not stated or denied by the trustee in his disclosure, that the conveyance of the chattels was fraudulent and void; and the trustee demurs generally — the plaintiff shows no right to recover, under that statute, against the trustee; to enable him to hold the trustee charged, the allegation must be as distinct and specific as the proof expected to be offered in their support.

Such rejoinder, showing a reliance upon proof to be offered of new matter not stated or referred to in any manner in the allegation, is a departure from such allegation, and is bad; and the error may be taken advantage of on general demurrer.

A STATEMENT of the pleadings in this case will be found in the opinion of the Court, and need not be repeated.

*Clifford & Ayer* argued for the trustee, contending that the rejoinder was a departure, because it introduced new matter not before stated, or in any manner referred to. 2 Wils. 96; 1 Wils. 122 ; 4 T. R. 504; 2 Saund. 84, note 1; 14 Johns. R. 132 ; 1 Chitty's Pl. 140 ; 20 Johns. R. 153 ; 6 Mass. R. 57 ; 16 Mass. R. 1; Co. Lit. 304, (a.)

But without regard to the mode of pleading, the facts stated by the plaintiff are not sufficient in substance to enable him to prevail, on general demurrer. Rev. St. c. 119, § 33 ; 8 Pick. 470. The mode pointed out by the statute, and that alone, must be pursued. 15 Johns. R. 188 ; 1 Saund. 134, note 4 ; 10 Johns. R. 397. This has not been done. If the replication is bad, which we deny, we have a right to go back to the first fault, the insufficient plea or allegation of the plaintiff.

*Howard* and *Jameson,* for the plaintiff, cited Rev. St. c. 119, § 33, 69, and contended that the allegation or plea of the plaintiff was sufficient, and that the rejoinder merely affirmed the matter of the plea, without introducing any new fact.

But were the rejoinder bad, we must go back, to the first fault, and this is in the replication. The counsel contended, that the replication of the trustee was bad in law, and contained no sufficient answer to the plaintiff's plea; and that that plea was good.

The opinion of the Court was by

Tenney J. — Noah McKusick, who was summoned as trustee of the principal defendant, made a disclosure, which the plaintiff's counsel do not contend should charge him. The plaintiff then files an allegation, without stating any specific facts, that the conveyance of certain chattels, therein mentioned, by Thurston P. McKusick to Noah McKusick was made in fraud of the plaintiff's rights as a creditor, and therefore void. The trustee replies, that the chattels mentioned by the plaintiff in his allegation are identical with those referred to in his disclosure, and that the conveyance thereof was not fraudulent as against the creditors of the principal de-

fendant. The plaintiff rejoins and says, "that he ought not to be precluded from having the said Noah adjudged trustee of said Thurston, because he alleges and is ready to prove by facts not stated or denied by said Noah in his disclosure," &c. that the conveyance of the chattels was fraudulent and void. To this rejoinder the trustee files a general demurrer, which is joined.

The rejoinder shows a reliance upon proof to be offered, of new matter, which is not stated or referred to in any manner in the allegation filed by the plaintiff. This, by a well known rule of pleading, is a departure from the allegation, and may be taken advantage of by general demurrer. *Larned* v. *Bruce & al.* 6 Mass. R. 57 ; Nels. Abr. 638 ; 4 T. R. 504 ; *Stearns* v. *Patterson*, 14 Johns. R. 132.

But if the plaintiff had at first stated all which is contained both in his allegation and rejoinder, it would have been bad upon general demurrer, as being in substance insufficient. "The answer and statements sworn to, by any person summoned as trustee, shall be considered as true, in deciding how far he is chargeable, until the contrary is proved ; but the plaintiff and trustee may allege and prove other facts not stated or denied, by the supposed trustee, which may be material in deciding the question." Rev. St. c. 119, § 33, amended by the act. of 1842, c. 31.

After the disclosure, pertinent evidence may be introduced by the plaintiff and trustee ; but the former cannot show by direct proof, that any statement of the trustee in the disclosure is untrue, nor can the latter adduce direct evidence of confirmation of facts disclosed by him. But before "other facts" can be proved, they must be alleged ; and to enable the plaintiff to hold the trustee charged, the allegation must be as distinct and specific as the proof expected to be offered in their support. This is necessary to secure the rights of the trustee ; he should be able to know, whether the facts to be shown are such as are not stated or denied in his disclosure, or whether in his opinion they are relevant to the question, that he may, if he pleases, demur to the sufficiency of such

facts; or have an opportunity to offer repelling or explanatory evidence. In the case before us, there was nothing in the allegation or the rejoinder, which gave to the trustee any information of the facts, relied upon by the plaintiff to show, that there should be a judgment against the trustee.

*Rejoinder adjudged bad.*